UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4050
TRENTON, NJ 08608
(609)989-2009

**ORIGINAL TO CLERK**

August 7, 2006

RECEIVED
AUG 8 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

To:    All Counsel
Re:    **Heartland Payment Systems, Inc. v. David Park, Civ. No. 06-3456 (GEB)**

Dear Counsel:

This matter comes before the Court upon plaintiff Heartland Payment Systems, Inc.'s ("Plaintiff" or "HPS") application for an order to show as to why the Court should not order temporary restraints and a preliminary injunction against defendant David Park ("Defendant").

On July 27, 2006, Plaintiff filed the Complaint in this action. According to the Complaint, Plaintiff is a company "in the business of processing electronically transmitted credit and debit card transactions for businesses . . . ." (Compl. ¶ 2.) The Complaint states that Plaintiff's principal place of business is located in Princeton, New Jersey. (*Id.* ¶ 10.) Plaintiff alleges that Defendant "is a former employee of HPS who operates his own company in direct competition with HPS." (*Id.* ¶ 4.) According to the Complaint, Defendant resides in Northfield, Illinois, and "operates a sole-proprietorship with a principal place of business located at . . . Wheeling, Illinois[.]" (*Id.* ¶ 11.) Plaintiff alleges that Defendant infringed – and continues to infringe – on its federally registered trademark "Heartland Payment Systems" by using the mark in business advertisements without Plaintiff's permission. (*See id.* ¶¶ 5, 22-26.) Plaintiff asserts

1

several state and federal infringement-related claims against Defendant, and seeks damages and injunctive relief.

On the same day that it filed the Complaint, Plaintiff also filed the present application for an order to show cause. Plaintiff requests that this Court issue an order for temporary restraints and a preliminary injunction against Defendant to prevent him from continuing his alleged infringement of Plaintiff's mark. (Pl.'s Proposed Order at 1-2.) Plaintiff sent its application to the Court by mail, and did not appear on the day that the application arrived. According to the Certificate of Service attached to Plaintiff's application, a copy of Plaintiff's application, Plaintiff's brief in support of its application, Plaintiff's proposed order to show cause, and the Complaint were mailed to Defendant via Federal Express on July 27, 2006. (Certificate of Service at 1.) The docket shows that on July 28, 2006, the Clerk of the Court issued a summons to Defendant.

### Plaintiff's Application for an Order to Show Cause, Temporary Restraints, and a Preliminary Injunction

Plaintiff seeks an order to show cause, temporary restraints, and a preliminary injunction. Local Civil Rule 65.1(a) sets forth the procedure for seeking emergency relief. The rule states that:

> [a]ny party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary.

L. Civ. R. 65.1(a).

In its brief, Plaintiff argues that it will suffer irreparable harm as a result of Defendant's alleged trademark infringement. (Pl.'s Br. at 13.) Plaintiff claims that "the confusion to the public created by [Defendant]'s misrepresentations [ ] presents the likely threat of irreparable injury to HPS." (*Id.*) Plaintiff has not, however, explained why Defendant's conduct warrants the issuance of an order to show cause instead of adhering to the usual motions practice. Despite its allegations concerning Defendant's alleged infringement conduct, Plaintiff has not provided to the Court, as required by Local Civil Rule 65.1(a), with "a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Absent such a showing, the Court finds it inappropriate to issue an order to show cause or for temporary restraints.

In addition to its failure to satisfy the requirements of Local Civil Rule 65.1(a), Plaintiff has also failed to demonstrate that this Court has jurisdiction in this case, or that it is the appropriate venue. Plaintiff alleges in the Complaint that "[t]his Court has personal jurisdiction over the defendant by virtue of, among other things, paragraph 11(j) of the January 29, 2003 Vested Relationship Manager Agreement (the 'Agreement')." (Compl. ¶ 8.) Plaintiff further alleges that "[v]enue is proper in this District pursuant to paragraph 11(j) of the Agreement." (*Id.* ¶ 9.) Plaintiff does not, however, attach the relevant portion of the Agreement as an exhibit to either the Complaint or its brief in support of its motion. Without the aid of that Agreement, the Court has no basis for finding that it has personal jurisdiction over Defendant, or that it is the appropriate venue for this case.

For these reasons, Plaintiff's application for an order to show cause and for temporary restraints is denied. With respect to Plaintiff's application for a preliminary injunction, the Court

3

will await an appropriate motion.

Very truly yours,

GARRETT E. BROWN, JR.
Chief Judge

cc: Frederick A. Nicoll, Esq.
David Park