<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-3456 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| DAVID PARK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**BROWN, Chief Judge**</u>

     This matter comes before the Court upon defendant David Park's ("Defendant") motion to vacate default and to dismiss.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will grant Defendant's motion in its entirety.

**I.      BACKGROUND**

     On July 27, 2006, plaintiff Heartland Payment Systems, Inc. ("HPS" or "Plaintiff") filed the Complaint in this action.  According to the Complaint, Plaintiff is a company "in the business of processing electronically transmitted credit and debit card transactions for businesses . . . ." (Compl. ¶ 2.)  The Complaint states that Plaintiff's principal place of business is located in Princeton, New Jersey.  (*Id.* ¶ 10.)  It also states that Defendant resides in Northfield, Illinois, and

1

"operates a sole-proprietorship with a principal place of business located at . . . Wheeling, Illinois[.]" (*Id.* ¶ 11.)  Plaintiff alleges that Defendant "is a former employee of HPS who operates his own company in direct competition with HPS." (*Id.* ¶ 4.)  Specifically, Plaintiff alleges that Defendant infringed on – and continues to infringe on – its federally registered trademark "Heartland Payment Systems" by using the mark in business advertisements without Plaintiff's permission. (*See id.* ¶¶ 5, 22-26.)

On the same day that it filed the Complaint, Plaintiff also filed an application for an order to show cause.  Plaintiff sought temporary restraints and a preliminary injunction against Defendant to prevent him from continuing his alleged infringement of Plaintiff's trademark.  On August 7, 2006, the Court denied Plaintiff's application.

Plaintiff filed an affidavit of service asserting that Defendant was served on November 8, 2006 (Docket Entry #5), and on December 1, Plaintiff sought entry of default (Docket Entry #6).  On December 4, 2006, the Clerk of the Court entered default against Defendant for failure to plead (Docket Entry #7).  On December 11, 2006, Defendant filed the present motion seeking to vacate the default, as well as dismissal of this case.

## II.     DISCUSSION

### A.     Whether the Court Should Vacate the Default

Federal Rules of Civil Procedure Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c).  "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma*

*Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  The Third Circuit Court of Appeals "has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits."  *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

"[I]t is well established that a district court ruling on a motion to set aside a default under Rule 55(c) . . . must consider the following three factors:  (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted).

Here, the entry of default should be set aside because Defendant has adequately addressed all three factors.  First, it appears that Plaintiff would not be prejudiced if default was set aside. The default was entered less than five months after the filing of the Complaint and less than a month after service, and Defendant filed the present motion approximately one week after it occurred.  Plaintiff has not demonstrated that Defendant's delay has prejudiced it in any manner. Second, Defendant has what appears to be a meritorious defense to Plaintiff's claims, namely, lack of personal jurisdiction, which the Court finds appropriate to consider.  Indeed, were it to lack personal jurisdiction, this Court would be unable to enter judgment on the default.  Third, although Defendant failed to file his motion to dismiss until after the entry of default, he did so approximately one week after the default was entered.  Defendant's conduct, without more, does not warrant the denial of his present motion.  The Court will therefore grant Defendant's motion to vacate the entry of default.

**B.     Whether the Court Should Dismiss for Lack of Personal Jurisdiction**

**1.     Due Process Limitations on Personal Jurisdiction**

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits.  Fed. R. Civ. P. 4(e).  New Jersey's long-arm statute extends personal jurisdiction to the fullest limits of due process.  *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

"The due process limit to the exercise of personal jurisdiction is defined by a two-prong test."  *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996).  "First, the defendant must have made constitutionally sufficient 'minimum contacts' with the forum."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  Determining whether there are minimum contacts requires examination of "the relationship among the defendant, the forum, and the litigation."  *IMO Indus.*, 155 F.3d at 259 (internal quotations omitted).  "There must be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Vetrotex*, 75 F.3d at 150 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

"Second, if 'minimum contacts' are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'"  *Id.* at 150-51 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Once the defendant moves to dismiss, the plaintiff has the burden of coming forth with "competent evidence" demonstrating that personal jurisdiction exists.  *B.P. Chems. Ltd. v.*

4

*Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).

### 2.      Whether the Court Has Jurisdiction Over Defendant in This Case

Here, Plaintiff claims that the Court has jurisdiction over Defendant based on an agreement between the parties that provides for jurisdiction by this Court.  According to Plaintiff, on January 29, 2003, the parties entered an agreement that provided the terms of Plaintiff's former employment of Defendant as a relationship manager ("Agreement").  (Pl.'s Br. at 3.)  The Agreement provided that "[a]ny suit, action or proceeding arising out of or relating to this Agreement shall be brought only in the Superior Court in the County of Bergen, New Jersey or the United States District Court for the District of New Jersey . . . ."  (*Id.*)  The Agreement further provided that Defendant "agrees and consents to the personal and exclusive jurisdiction of said courts over him . . . as to all suits, actions and proceedings arising out of or related to this Agreement . . . ."  (*Id.*)  Plaintiff claims that the present action arises from the Agreement, and that the Court therefore has jurisdiction over Defendant.  (*Id.*)

This case concerns allegations that Defendant improperly used Plaintiff's trademarks in violation of federal and state law.  Plaintiff's claims consist of:  (1) infringement of federally registered trademarks in violation of 15 U.S.C. § 1114 (Count One); (2) false designation of origin of products, dilution, false advertising, and false description and representation in violation of 15 U.S.C. § 1125(a) (Count Two); (3) unfair competition (Count Three); (4) trademark dilution and injury to business reputation (Count Four); (5) trafficking in counterfeit marks in violation of N.J. Stat. Ann. 56:3-13.16, *et seq.* (Count Five); and (6) unfair competition in violation of N.J. Stat. Ann. 56:4-1, *et seq.* (Count Six).

However, the Agreement addresses the terms of Plaintiff's former employment of Defendant.  Plaintiff has not alleged any facts concerning that employment relationship (other than that one existed), nor has it asserted any claim that Defendant breached the terms of the Agreement.  The allegations in the Complaint do not depend in any way on Plaintiff's prior employment of Defendant – an individual who never worked for Plaintiff could have engaged in the conduct that Plaintiff alleges, namely, infringement of its trademark.  The Court therefore concludes that the present action does not arise from – and is not related to – the Agreement. Based on the allegations set forth in the Complaint, the nature of Plaintiff's claims, and Plaintiff's failure to provide an alternative basis for exercising jurisdiction, the Court concludes that it lacks personal jurisdiction over Defendant with respect to this case.

## III.    CONCLUSION

For these reasons, Defendant's motion is granted in its entirety.  An appropriate form of order is filed herewith.

Dated:  April 10, 2007

                                          __  s/ Garrett E. Brown, Jr._____
                                          GARRETT E. BROWN, JR., U.S.D.J.